McKinney *et al. v.* Fidelity Coal Mining Co. *et al.*

(*Knoxville*, September Term, 1935.)

Opinion filed Nov. 23, 1935.

James P. Kivett, of Tazewell, for plaintiffs in error.

Frantz, McConnell & Seymour, of Knoxville, and John P. Davis, of Tazewell, for defendant in error, Provident Life & Accident Ins. Co.

J. R. Ketron and Wm. I. Davis, both of Tazewell, for defendant in error, Fidelity Coal Mining Co.

Mr. Chief Justice Green delivered the opinion of the Court.

The only question presented on this appeal is the liability of the Provident Life & Accident Insurance Company for an award under the workmen's compensation statute made to the dependents of Lloyd McKinney, deceased, against his employer, Fidelity Coal Mining Company, in whose service he met his death. The court below ruled in favor of the insurance company.

It appears that the mining company has become insolvent and the award against it is not collectible. The insurance company paid to the mining company the sum of $2,000 on account of the death of McKinney, but this money was used by the mining company for other purposes, and McKinney's dependents got none of it.

The proof leaves it doubtful whether the mining company made any effort to comply with the provisions of the Workmen's Compensation Act.

Counsel say that the company undertook to insure its own losses under (2) of section 6895 of the Code, but it deposited no security or indemnity bond with the Commissioner of Labor to secure the payment of compensation liability. Nor does it appear to have insured its liability under the statute as provided in (1) of section 6895 of the Code.

The policy issued by defendant insurance company to defendant mining company is entitled an "employer's group liability policy." It undertakes to pay Fidelity Coal Mining Company the indemnities set forth in a certain schedule "against bodily injuries suffered by said employee through external, violent, and accidental means while in the course of employment, etc., etc." The policy

schedule provides for payment of $2,000 for loss of life; same sum for loss of both hands, both feet, both eyes, one hand and one foot, one eye and one foot, and one eye and one hand; to pay $1,000 for the loss of one hand and $1,000 for the loss of one foot; to pay $500 for the loss of one eye. For total disability the obligation is to pay fifty per cent. of the employee's wages (but not exceeding $16) for as much as twenty-six weeks.

It will be observed that the sums payable by this policy for death, or for loss of members, besides being flat amounts, bear no relation to the wages of the employee as in the compensation statute. See Code, sections 6878-6883. Nor are all the members protected by the compensation statute covered by this policy. The disability benefits in the policy fall far short of the benefits provided by the statute, as indeed does the death benefit provided by the policy. Under the statute, $5,000 is the maximum. Under the policy, $2,000 is the maximum. Under the statute, weekly benefits may run for 400 weeks, as a maximum; under the policy, weekly benefits cannot run over twenty-six weeks, as a maximum.

Without further comparison between the statute and the policy, or noting the many other differences between this policy and a policy underwriting workmen's compensation liability, we may observe this provision of the policy before us.

"The assured shall not, except at his own cost, pay or settle any claim without the written consent of the company. The receipt of the assured to the company for any settlement made shall fully acquit the company of all liability in such cases."

Sections 6898 and 6899 of the Code prescribe certain things that policies insuring the payment of workmen's

compensation shall contain. The language of these sections is that all such policies "must contain" these things, and that no such policy "shall be issued unless it contain" such things. These required provisions do not appear in the policy under consideration.

It seems obvious from the foregoing that the insurance company never undertook to cover the mining company with workmen's compensation insurance. The latter company no doubt subjected itself to the penalties of the statute by failing to procure such insurance or qualifying as its own insurer. Still it was not unlawful for defendant insurance company to enter into the limited liability or indemnity contract with the mining company which is before us. The insurance company has discharged its obligation under that contract. It cannot be held as under another contract which it never executed nor pretended to execute.

The judgment of the court below is affirmed.

CHAMBLISS, J., did not participate in this decision.